74 F.3d 1247
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
George LEWIS, Defendant-Appellant.
 No. 95-50132.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 15, 1995.
Decided Jan. 17, 1996.
 
 Before: SCHROEDER, FERGUSON, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 George Lewis appeals the district court's order, on remand from this court, denying his motion to dismiss on double jeopardy grounds the indictment charging him with conspiracy to possess with intent to distribute cocaine and possession of cocaine, in violation of 21 U.S.C. Secs. 846(a)(1) and 841. Lewis' position is that jeopardy attached in the civil forfeiture proceedings that intervened between the time the jury was impaneled in his earlier criminal trial and the commencement of proceedings on remand, so that continued efforts to prosecute Lewis on remand constitute a second jeopardy. Appellant rests his argument on this court's decision in U.S. v. $405,089.12 U.S. Currency, 33 F.3d 1210 (9th Cir.1994).
 
 
 3
 The government offers a number of alternative positions in support of the district court's action. First, it maintains that our decision in $405,089.23 was incorrect, an issue which this panel is not in a position to decide. Second, the government contends that jeopardy attached at the commencement of the first criminal trial, and hence if there ever was any double jeopardy argument to be advanced, it should have been advanced in the forfeiture proceeding. Third, the government contends that because there was never any judgment of civil forfeiture entered in the forfeiture case--a stipulated settlement was reached--there can be no double punishment for purposes of the double jeopardy analysis. Finally, the government contends that the conduct on which the criminal proceeding was based differs from the conduct giving rise to the forfeiture and hence there can be no violation of double jeopardy under any theory.
 
 
 4
 We decide the appeal on only the last issue. The civil forfeiture complaint sought forfeiture of properties that allegedly had been purchased with monies traceable to illegal drug transactions. The two properties were purchased, however, in 1985, and in January 1992, respectively. Thus, both properties were purchased before the drug transaction and arrest that gave rise to Lewis' criminal prosecution. The only specific conduct alleged in the criminal indictment occurred after the properties involved in the forfeiture proceeding had been purchased. Although the forfeiture complaint made reference to the activities that gave rise to the criminal prosecution, their relevance was only to support an inference that if Lewis had been involved in such large scale drug trafficking in March of 1992, he must have been involved in drug trafficking earlier. The two proceedings therefore could not have been based on the same conduct for purposes of the double jeopardy analysis. See United States v. Dixon, 113 S.Ct. 2849, 2860 (1993).
 
 
 5
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3